UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

KRISTA MOODY,

                Plaintiff,                              Case No. 21-cv-

v.                                                             Hon.

MIDMICHIGAN MEDICAL CENTER-MIDLAND,
A Domestic Nonprofit Corporation,

                Defendant.
_____/
ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

**COMPLAINT AND JURY DEMAND**

Krista Moody, by and through her attorneys Stempien Law, PLLC, hereby complains against Defendant MidMichigan Medical Center-Midland, and in support thereof states:

1. Plaintiff Krista Moody ("Moody" or "Plaintiff") is a resident of the City of Saginaw, Saginaw County, Michigan.

2. Defendant MidMichigan Medical Center-Midland ("MidMichigan" or "Defendant") is a domestic nonprofit corporation located in the City of Midland, Midland County, Michigan, organized and founded pursuant to the statutes of the State of Michigan.

3. Jurisdiction is vested with this Court pursuant to 28 USC §1331 and 42 USC §12101, et. seq.

1

4. On or about April 2, 2020, Moody filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

5. On or about July 22, 2021, the EEOC issued a Finding of Reasonable Cause in this matter.

6. On or about September 13, 2021, the EEOC issued a Right to Sue letter to Moody.

## GENERAL ALLEGATIONS

7. Moody is currently employed by Mid-Michigan as a casual-status Certified Registered Nurse Anesthetist.

8. On or about March 26, 2020, Moody's manager, Scott Mango ("Mango") emailed his subordinates to discourage them from serving hospitals in need of additional help due to the COVID-19 pandemic.

9. In March 2020, Moody provided medical services for patients at Providence Hospital - Southfield ("Providence"), which is located in what was a known COVID-19 hotspot.

10. Mango told Moody that her shifts would be cancelled if Moody provided medical services to patients in the Detroit area.

11. As a direct result of Moody's assistance at Providence in 2020, Mango cancelled Moody's shifts at Mid-Michigan on the following dates: March 28, March 29, April 4, April 5, April 11 and April 27.

12. Fellow employees at Mid-Michigan confirmed through text message that the shifts were given to employees who had not helped at Providence.

13. The cancelled shifts were an adverse employment action and discriminatory under the Americans with Disabilities Act, based upon Mid-Michigan regarding Moody as disabled following her work at Providence.

2

14. The cancelled shifts were also a violation of Title VII of the Civil Rights Act of 1964, because the cancellations were the result of her association with African Americans, who are members of a protected class.

15. The cancelled shifts were a violation of the settled public policy of the State of Michigan, as demonstrated by the Governor's executive order, in which medical resources were requested for areas hit hard during the COVID-19 pandemic.

16. Subsequent to Moody's filing of a Charge of Discrimination with the EEOC, Mid-Michigan increasingly and regularly cancelled Moody's shifts.

17. The cancelled shifts went to CRNA's that were at or near overtime status.

18. The assigning of shifts to employees at or near overtime status over employees that were not was a direct violation of the department's policy on scheduling, which stated that any employees in overtime status would be cancelled before a casual status employee.

19. When Moody brought the policy to his attention, Mango attempted to delete the policy, from Mid-Michigan's computer system.

20. The cancellation of shifts after May 1, 2020 were in retaliation for Moody's EEOC charge.

21. Moody has suffered emotional distress as a result of the cancelled shifts and suspension from work.

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## DISABILITY DISCRIMINATION

22. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

23. Plaintiff was a qualified individual with a perceived disability, as that term is defined by the Americans with Disabilities Act, and 42 USC §12101, et seq. ("ADA").

24. Plaintiff is disabled pursuant to the ADA because Mid-Michigan regarded her as being disabled following her work at Providence Hospital during the peak of the COVID-19 public health crisis.

25. Defendant was aware of Plaintiff's perceived disability.

26. Defendant failed to schedule shifts for Plaintiff due to it having regarded Plaintiff as disabled.

27. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered damages, including but not limited to: suspension of job position, lost past and future wages, lost past and future employment benefits, loss of earning capacity, emotional distress, and attorney fees.

**COUNT II**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**RACIAL DISCRIMINATION**

28. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff assisted the COVID-19 unit at Providence Southfield, located in a predominantly African American community.

30. Race is a protected class under Title VII.

31. The cancellation of shifts was a discriminatory action against Plaintiff for Plaintiff's association with members of a protected group.

32. As a direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, Plaintiff suffered damages as fully set forth in paragraph 27 of this Complaint.

## COUNT III
## RETALIATION

33. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

34. Plaintiff filed a charge with the EEOC after her work shifts were cancelled following her work at Providence Southfield.

35. Mid-Michigan's policy stated that all cancellations should begin with employees at or near overtime; casual-status employees could only be cancelled if there were no employees that were at or near overtime for that particular week.

36. However, Plaintiff was cancelled for certain shifts after May 1, 2020, while Mid-Michigan CRNAs who were already in overtime status were allowed to work those same shifts.

37. The overtime employees were allowed to work the shifts for which Moody was cancelled in direct violation of company policy.

38. As a direct result of, and in retaliation for, Plaintiff's EEOC charge, Defendant removed Plaintiff from the schedule by way of cancelling shifts.

39. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered damages as fully set forth in paragraph 27 of this Complaint.

WHEREFORE, Plaintiff Krista Moody requests this Honorable Court enter a judgment in her favor against Defendant Mid-Michigan Medical Center, and further:

a. Enter both preliminary and permanent injunctions against Defendant, ordering that Defendant return Plaintiff to her job position forthwith;

b. Enter a money judgment against Defendant for payment of all past and future wages and employment benefits suffered by Plaintiff;

c. Enter a money judgment against Defendant, for payment of all emotional distress damages suffered by Plaintiff;

d. Enter a money judgment against Defendant for all attorney fees incurred by Plaintiff in enforcing her ADA and Title VII rights.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney For Plaintiff

Dated October 21, 2021